**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-5006**

─────────────

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

     versus

DOUGLAS D. WASHINGTON,

                                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-04-396)

─────────────

Submitted: September 28, 2005      Decided: October 18, 2005

─────────────

Before LUTTIG, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Meghan S. Skelton, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Monica M. Goodling, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas D. Washington was convicted by a magistrate judge, pursuant to 18 U.S.C. § 3401 (2000), of simple assault on a federal officer in violation of 18 U.S.C. § 111 (2000). He was sentenced to eighty days in prison followed by one year of supervised release and a $500 fine. Following sentencing, Washington appealed the magistrate judge's ruling denying his motion for judgment of acquittal to the district court pursuant to Fed. R. Crim. P. 58(g)(2), and the district court affirmed. On appeal, Washington contends the district court erred in assessing the evidence of force and finding it sufficient to sustain his conviction. Finding no error, we affirm.

Under Fed. R. Crim. P. 58(g), on appeal from a conviction and/or sentence imposed by a magistrate judge, the "defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the Defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). In bench trials, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts

. . . [and] may select among conflicting inferences to be drawn from the testimony." <u>United States v. Bales</u>, 813 F.2d 1289, 1293 (4th Cir. 1987). The standard of review for sufficiency of the evidence is de novo. <u>See</u> <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Our review of the record convinces us the district court properly assessed the evidence under a reasonable person standard, and there was sufficient evidence to support Washington's conviction. Accordingly, we affirm Washington's conviction and sentence and the district court's order affirming the magistrate judge's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>